UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80058-CIV-MARRA/MATTHEWMAN

ALAN PISCATELLI, a man PRIVATE
individual as Grantor of a Private Trust,

Plaintiff,

vs.

JACQUES BRAND, an individual, as
Trustee Private situs Palm Beach County; and
DEUTSCHE BANK TRUST COMPANY
AMERICAS, in their public capacity as Trustee,

Defendants.

_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss (DE 4); Plaintiff's

Motion to Strike Docket Entries (DE 8) and Plaintiff's Motion to Remand (DE 9). The Court has

carefully considered the Motions and is otherwise fully advised in the premises.

I. Background

Defendant Deutsche Bank Trust Company Americas ("DB") filed a Notice of Removal in

this Court on January 16, 2014. (DE 1.)  Plaintiff Alan Piscatelli, who is proceeding pro se,

commenced this action in state court on December 23, 2013. (Compl., DE 1.)   The first count of

the Complaint is labeled "breach of trust" and alleges that Defendants, as Trustees, have

breached fiduciary duties by not noticing Plaintiff about transfers of interests and by failing to

provide an accounting.  The second and third counts are unlabeled. The Complaint appears to

allege that real property was previously sold and that the note and mortgage were placed in a trust

for his benefit, but Defendants, as the alleged trustees, breached their fiduciary duty. (Compl. ¶ ¶

10, 12.)  The value of the property that was sold exceeds $75,000.00.[1] (Property Appraiser

Printout, DE 1-5.)[2]

Plaintiff seeks remand on the basis that the action is under state court's "exclusive equity

jurisdiction for enforcement of a private [t]rust[,] to enforce the beneficiary's equitable rights as

enumerated in the trust indenture" and to seek an "equitable accounting." (DE 9 at 1.) Plaintiff

objects to DB's characterization of the Complaint as requesting an order determining the rights to

and status of real property encumbered by a mortgage lien in Palm Beach County, Florida.

II. Discussion

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v.

American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).  A federal district court may

exercise subject matter jurisdiction over a civil action in which only state law claims are alleged

if the civil action arises under the federal court's diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

Jurisdiction based on diversity of citizenship exists in civil actions where the amount in

controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. §

1332(a)(1).  Removal jurisdiction is construed narrowly with all doubts resolved in favor of

remand.  See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The

removing party has the burden of demonstrating the propriety of removal.  Diaz v. Shepard, 85

---

[1] DB states that Plaintiff is a citizen of Florida and DB is a New York corporation, with a principal place of business in New York. (DE 10 at 2.)  Plaintiff does not dispute this representation and states his "domicile" is in Palm Beach County. (Compl. ¶ 9.)  DB states "upon information and belief" Jacques Brand is a citizen of New York, (DE 10 at 2) which Plaintiff does not dispute .

[2] The Court is permitted to judicial notice of documents made publicly available by a government entity. Henderson v. Sun Pharm. Inds., Ltd., 809 F. Supp. 2d 1373, 1379 n.4 (N.D. Ga. 2011).

F.3d 1502, 1505 (11th Cir. 1996).

Plaintiff seeks remand on the basis that his Complaint does not seek monetary relief or an order pertaining to the real property, but instead an equitable accounting.  In opposing this request, DB points to caselaw that "[t]he value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted."  Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002) (citing Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc., 120 F.3d 216, 218 (11th Cir.1997)).  Here, Plaintiff seeks an accounting stemming from an alleged breach of trust, the *res* of which includes Plaintiff's property.  DB has provided evidence regarding the value of the property.  However, DB fails to demonstrate that an accounting relative to the breach of trust has any relation to the value of the property in question, and to the extent there may be a relation between the two, how that amount exceeds $75,000.00. Merely demonstrating the value of the property is not enough because the property itself is not what is in dispute.  See Ericsson, 120 F.3d at 222 (voiding a contract which could give unsuccessful bidder a chance to rebid the contract is not sufficiently measurable to satisfy amount in controversy).

Nor is the Court persuaded by DB's reliance on  Ballew v. Roundpoint Mortgage Svc. Corp., 491 F. App'x 25  (11th Cir. 2012).  There, the plaintiffs filed suit in state court against the lender and loan servicer to enjoin the foreclosure of their home and sought remand.  The Court explained that, in determining the amount in controversy, the Court looks to the "property's undisputed fair market value." Id. at 26.  In that case, however, the plaintiffs were seeking to prevent foreclosure, which would result in preventing the loss of an asset with a precise

3

monetary value.  In other words, there was a direct connection between the relief sought and the object of litigation that would flow to the plaintiff if the injunction issued.  Although DB argues that the trust property includes the mortgage, that fact fails to show how an accounting of the trust has any relation to the value of the relief sought by Plaintiff.

Finally, the Court cannot address the collateral estoppel issue because it does not have jurisdiction over the case and therefore will deny this argument without prejudice to DB raising it in the proper forum.  See Southern California Petroleum Corp. v. Harper, 273 F.2d 715, 719 (5th Cir.1960) (a "state court is as well qualified as a federal court to protect a litigant by the doctrines of res adjudicata and collateral estoppel").[3]

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)      Defendant's Motion to Dismiss (DE 4) is **DENIED WITHOUT PREJUDICE.**

2)       Plaintiff's Motion to Strike Docket Entries (DE 8) is **DENIED AS MOOT**.

3)       Plaintiff's Motion to Remand (DE 9) is **GRANTED**.

4)      This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

5)      The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 11th day of April, 2014.

_____
KENNETH A. MARRA
United States District Judge

5